# Exhibit "A"

**STATE OF MICHIGAN**
**IN THE 41st CIRCUIT COURT FOR THE COUNTY OF DICKINSON**

JAMES MENGHINI AND MEGHANN MENGHINI,
Husband and Wife,
Plaintiffs,

v.

WALMART INC and
WAL-MART STORES EAST, LP

Defendants.

HON.
Case No. 24- -NO

Gerald N. Pirkola (P46225)
MOUW & CELELLO, P.C.
Attorneys for Plaintiffs
100 East "C" Street - P.O. Box 747
Iron Mountain, Michigan 49801
(906) 774-2480

## COMPLAINT AND JURY DEMAND

**NOW COME** the Plaintiffs, James Menghini and Meghann Menghini, by and through their attorneys, Mouw & Celello, P.C., and by way of complaint against the above-named Defendants, states:

1. That Plaintiffs are residents of Dickinson County, Michigan.

2. That Defendant Walmart Inc. (hereinafter referred to as "Walmart") is a corporation doing business in Dickinson County, Michigan.

3. That Defendant Wal-Mart Stores East (hereinafter referred to as "Wal-Mart Stores") is a limited partnership doing business in Dickinson County, Michigan.

4. That Defendants, at all times material hereto, were the owners/operators of a business located at 1920 South Stephenson Avenue, Iron Mountain, MI 49801 (hereinafter referred to as "Defendants' premises").

5. That the accident complained of herein occurred in on Defendants' premises in Dickinson County, Michigan.

6. That Plaintiff James Menghini was an invitee on Defendants' premises on August 15, 2023.

7. That Plaintiff James Menghini fell and sustained significant injuries while walking in the self-checkout line on the Defendants' premises when he unexpectedly encountered a pool of grease on the floor causing him to slip and fall.

8. That the pool of grease was unreasonably dangerous to the Plaintiff and others.

9. That the pool of grease created an unsafe condition on Defendants' premises.

10. That as a result of Plaintiff's fall, he sustained significant injuries.

11. That Defendants knew or should have known that the dangerous condition existed.

12. That the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00) and is otherwise within the jurisdiction of this Court.

**COUNT I - NEGLIGENCE/PREMISES LIABILITY**

13. That Plaintiffs hereby repeat the allegations contained in Paragraphs 1 through 12 of this Complaint as if fully set forth in their entirety and incorporates the same herein by reference.

14. That at all relevant times, the Defendants owed Plaintiff, an invitee, the duty to exercise due and reasonable care.

15. That Defendants breached their duties and were negligent in ways which include, but are not limited to, the following:

a. Failing to maintain the premises in a reasonably safe condition;

b. Failing to have policies and procedures in place and/or to carry out existing policies and procedures to identify and remove unreasonably dangerous conditions from the premises;

c. Failing to reasonably and adequately train their personnel to identify and remove unreasonably dangerous conditions from the premises;

d. Failing to reasonably and adequately inspect their premises in a manner that would have discovered the pool of grease before it was encountered by the Plaintiff;

e. Failing to adequately warn their customers of an unreasonably dangerous slippery condition on their premises that Defendants knew or should have known of; and,

f. Defendants were otherwise generally negligent and careless in the way they owned, occupied and maintained the premises.

16. That one or more of Defendants' negligent acts or omissions was a legal and proximate cause of Plaintiff James Menghini's injuries.

17. That Defendants negligently breached all of the aforementioned duties and obligations, among others.

18. That as a direct and proximate result of the dangerous condition of the premises caused by the negligence of the Defendants, Plaintiff James Menghini sustained injuries and damages more specifically set forth in the following allegations.

19. That, as a result of said accident and wrongful conduct of the Defendants, Plaintiff James Menghini suffered and sustained the following injuries, all of which are permanent, except those which are superficial, to-wit: right shoulder injury, low back injury, hip injury, neck pain, and that there was involvement of all the surrounding muscles, nerves, ligaments, tendons, tissues and soft parts, and that the Plaintiff suffered from nervous and emotional sequelae and aggravation of pre-existing conditions of ill-being, if the Plaintiff was suffering from any previous condition of ill-being, and the Plaintiff further suffered pain, agony and distress, past, present and future.

20. That the Plaintiff has incurred damages for the following, and in the event that the damages have not been incurred, it is reasonable that they shall be incurred at some time in the future, and the damages suffered by the Plaintiff are continuing and permanent, except those which by their very nature are temporary, to-wit: pain and suffering, humiliation and embarrassment, future loss of services, loss of past and future wages, and other damages.

**WHEREFORE**, Plaintiffs pray for damages in whatever amount is found to be reasonable and just, including interest, costs, and attorney fees, together with whatever additional relief the Court may deem just and equitable.

## COUNT II – LOSS OF CONSORTIUM

21. That Plaintiffs hereby repeat the allegations contained in Paragraphs 1 through 20 of this Complaint as if fully set forth in their entirety and incorporates the same herein by reference.

22. That Plaintiff, Meghann Menghini is, and was at all relevant times, the lawful spouse of James Menghini.

23. That Plaintiff, Meghann Menghini, as a result of the injuries sustained by her husband, James Menghini proximately caused by the wrongful conduct of Defendants as herein before alleged, has and continues to suffer the loss of society, companionship and consortium, and is, therefore, entitled to damages for said loss of consortium.

**WHEREFORE**, Plaintiffs pray for damages in whatever amount is found to be reasonable and just, including interest, costs, and attorney fees, together with whatever additional relief the Court may deem just and equitable.

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY.**

**MOUW & CELELLO, P.C.**
Attorneys for Plaintiffs

Dated: January 11, 2024

Gerald N. Pirkola